UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

TONY BURNS,

        Plaintiff,

vs.                                    Case No. 2:08-cv-352-FtM-29SPC

FORD MOTOR COMPANY a foreign corporation,

        Defendant.
_____

**OPINION AND ORDER**

This matter comes before the Court on plaintiff's Motion for Remand to State Court (Doc. #9) filed on May 29, 2008. Defendant filed a Response (Doc. #10) on June 12, 2008.

**I.**

The Complaint alleges the following relevant facts: Plaintiff was an employee of Sam Galloway Ford in Lee County, Florida. On August 19, 2005, while at work, plaintiff's arm was injured by the rear glass window of a vehicle manufactured, assembled or distributed by the defendant. (Doc. #2, ¶7.) On February 18, 2008, plaintiff filed the instant suit in the Circuit Court of the Twentieth Judicial Circuit in and for Lee County Florida asserting one count of negligence and one count of strict liability. The Complaint sought damages "in excess of $15,000." (Doc. #2, ¶1.) On May 1, 2008, defendant removed the case on the basis of diversity jurisdiction. (Doc. #1.)

## II.

"Removal of state court actions to federal court involves both jurisdictional and procedural considerations." Lowery v. Ala. Power Co., 483 F.3d 1184, 1194 (11th Cir. 2007). As to jurisdiction, a state court action may be removed to a federal court if it is a "civil action . . . of which the district courts of the United States have original jurisdiction," unless Congress expressly provides otherwise. 28 U.S.C. § 1441(a); Darden v. Ford Consumer Fin. Co., 200 F.3d 753, 755 (11th Cir. 2000). Such original jurisdiction includes diversity jurisdiction, which requires that the parties be citizens of different states and that the amount in controversy exceed the sum or value of $75,000, exclusive of interest and costs. 28 U.S.C. § 1332; Morrison v. Allstate Indem. Co., 228 F.3d 1255, 1261 (11th Cir. 2000). In this case it is not contested that there is complete diversity of citizenship and that the amount in controversy exceeds the $75,000 federal jurisdictional amount. Thus, the jurisdictional considerations in this case are satisfied, leaving only the procedural issue of the timeliness of defendant's removal.

## III.

The timing of a notice of removal is controlled by 28 U.S.C. § 1446(b), which states:

> The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief

>   upon which such action or proceeding is based, or within
>   thirty days after the service of summons upon the
>   defendant if such initial pleading has then been filed in
>   court and is not required to be served on the defendant,
>   whichever period is shorter.
>   If the case stated by the initial pleading is not
>   removable, a notice of removal may be filed within thirty
>   days after receipt by the defendant, through service or
>   otherwise, of a copy of an amended pleading, motion,
>   order or other paper from which it may first be
>   ascertained that the case is one which is or has become
>   removable, except that a case may not be removed on the
>   basis of jurisdiction conferred by section 1332 of this
>   title more than 1 year after commencement of the action.

28 U.S.C. § 1446(b). The Eleventh Circuit has stated that in answering the question of when an action is removable, § 1446(b) creates two types of cases: "(1) those removable on the basis of an initial pleading; and (2) those that later become removable on the basis of 'a copy of an amended pleading, motion, order or other paper.'" Lowery, 483 F.3d at 1212. In either type of case, "a defendant must remove within thirty days of receiving the document that provides the basis for removal." Lowery, 483 F.3d at 1212-13. Thus, if the case is removable on the initial pleading, the thirty day period "is triggered by simultaneous service of the summons and complaint, or receipt of the complaint, 'through service or otherwise,' after and apart from service of the summons, but not by mere receipt of the complaint unattended by any formal service." Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc., 526 U.S. 344, 347-48 (1999). The statute only allows resort to the second sentence of § 1446(b) "[i]f the case stated by the initial pleading is not removable . . . ." 28 U.S.C. § 1446(b).

The defendant is required to obtain evidence establishing that the amount in controversy exceeds the $75,000 jurisdictional amount prior to removing the case to federal court.  See Williams v. Best Buy Co., 269 F.3d 1316, 1319 (11th Cir. 2001).  The Complaint in this case only seeks damages "in excess of fifteen thousand dollars ($15,000.00)."  (Doc. #2, ¶1.)  This does not qualify as a demand for a specific amount of damages.  See Leonard v. Enter. Rent a Car, 279 F.3d 967, 972 (11th Cir. 2002).  Thus the Court finds that the Complaint was not removable on its face.

Plaintiff asserts that defendant knew that the damages sought were in excess of the $75,000 jurisdictional threshold four months prior to the initiation of the action as a result of a "detailed demand package."  (Doc. #9, p. 5.)  Plaintiff cites Addo v. Globe Life & Accident Ins. Co., 230 F.3d 759 (5th Cir. 2000) and Bankhead v. Am. Suzuki Motor Corp., 529 F. Supp 2d 1329 (M.D. Ala. 2008) to support his assertion.  The Court disagrees.  Both Addo and Bankhead involved correspondence sent after the initiation of the lawsuit, whereas in this case, plaintiff's demand letter was sent four months prior to filing the Complaint.  Furthermore, demand letters sent prior to the initiation of a civil action do not necessarily reflect an honest assessment of damages, and thus will not necessarily be considered by the court.  See, e.g., Golden v. Dodge-Markham Co., 1 F. Supp 2d 1360, 1363-64 (M.D. Fla. 1998); Standridge v. Wal-Mart Stores, Inc., 945 F. Supp. 252, 256 (N.D.

Ga. 1996) (settlement letter sent prior to the filing of the complaint constitutes "posturing . . . for settlement purposes and cannot be considered a reliable indicator of the damages plaintiff is seeking.")

Defendant served plaintiff with interrogatories addressing damages within thirty days of being served with the Complaint. Defendant removed the case within two days of receiving plaintiff's responses establishing the damages sought exceeded $75,000.00. Thus the Court finds that the defendant timely removed the case. Therefore plaintiff's Motion to Remand is denied.

Accordingly, it is now

**ORDERED**:

Plaintiff's Motion for Remand to State Court (Doc. #9) is **DENIED**.

**DONE AND ORDERED** at Fort Myers, Florida, this __31st__ day of October, 2008.

_____
JOHN E. STEELE
United States District Judge


Copies: Counsel of record